[Cite as *Bey v. Patituce & Assocs., L.L.C.*, 2026-Ohio-2941.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

JAMAL M. BEY,                                      :

    Plaintiff-Appellant,          :

                                 No. 115868

    v.                                      :

PATITUCE & ASSOCIATES LLC, ET AL., :

    Defendants-Appellees.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-121474

---

*Appearances:*

Jamal M. Bey, *pro se.*

Koblentz, Penvose, & Froning, LLC, and Bryan L. Penvose,
*for appellee* Patituce & Associates, LLC.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant Jamal M. Bey brings the following appeal from an order granting a Civ.R. 12(B)(6) motion to dismiss in favor of defendant-appellee Patituce & Associates, LLC and defendant Mallorie A. Thomas. Upon review, we affirm.

{¶ 2} In July 2025, Bey filed a complaint naming Patituce as well as Thomas, an attorney formerly employed by Patituce, for breach of the covenant of good faith and fair dealing, fraud, unjust enrichment, violations of the Ohio Deceptive Trade Practices Act, and violations of the Ohio Consumer Sales Practices Act.

{¶ 3} In the complaint, Bey alleged that he retained attorney Kimberly Kendall Corral to represent him on his postconviction claims while she was associated with the Patituce firm. According to Bey, during the course of the representation, Corral separated from the firm and Thomas began handling his claims allegedly under the pretext that she was Corral's assistant. Bey made various claims relating to his unawareness of Corral's departure from Patituce until several months after she left and after legal bills had been paid to Patituce under his belief that Corral still represented him.

{¶ 4} Patituce moved to dismiss Bey's claims pursuant to Civ.R. 12(B)(6), arguing that Bey's claims, no matter how they were characterized, were legal-malpractice claims because they all arose from the attorney-client relationship. Patituce argued that the statute of limitations had expired on any legal-malpractice claims, and, thus, the complaint failed to state a claim upon which relief could be granted. Bey asked for an extension of time to file a response, and the trial court granted him an extra seven days. Bey never filed a response. Shortly thereafter, the trial court granted the motion and dismissed the complaint in its entirety. Bey appealed and assigns two error for our review:

I. The trial court abused its discretion by dismissing app[e]llant-plaintiff's complaint without giving plaintiff a sufficient extension of time to file a responsive pleading to defendant's Civ.R. 12(B)(6) motion.

II. The trial court erred by dismissing plaintiff's complaint sua sponte[.]

{¶ 5} Sua sponte, we briefly address our jurisdiction to hear this case, an issue for which we requested supplemental briefs. In the trial court, Patituce appeared in this action through counsel; Thomas never did. Patituce filed the Civ.R. 12(B)(6) motion asking the court to dismiss the complaint in its entirety, and the trial court granted this motion. Do we still have jurisdiction to consider this appeal given that Thomas never appeared or joined Patituce's motion to dismiss? We conclude that we do.

{¶ 6} Section 3(B)(2), Article IV of the Ohio Constitution limits our appellate jurisdiction to "final orders." The General Assembly provides that a final order, for purposes of this appeal, "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). And, Civ.R. 54(B) directs that "[w]hen . . . multiple parties are involved [in an action], the court may enter final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay." When this no-just-reason-for-delay verbiage does not appear in a judgment that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, [the judgment] shall not terminate the action as to any of the claims or parties . . . ." Civ.R. 54(B).

{¶ 7} Here, Civ.R. 54(B) verbiage was not necessary because the judgment was final as written. "[E]ven if all the claims or parties are not expressly adjudicated by the trial court, 'if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable.'" *Kinasz v. Southwest Gen. Health Ctr.*, 2014-Ohio-402, ¶ 9 (8th Dist.), quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989).

{¶ 8} Bey's claims against Thomas arose from her employment as an attorney at Patituce. Accordingly, in finding that the claims against Patituce were time barred by the statute of limitations, the trial court also implicitly found that the legal-malpractice claims against Thomas were likewise barred by the statute of limitations. For this reason, we find that the order granting Civ.R. 12(B)(6) dismissal dismissed the complaint with respect to all claims and parties and was thus final and appealable. We proceed to address Bey's assignments of error.

{¶ 9} Bey's first assignment of error challenges the trial court's ruling on his motion to extend time to respond to Patituce's Civ.R. 12(B)(6) motion. He argues that the trial court correctly granted his request for an extension of time to respond but erred in allocating him only seven extra days to file his response. He argues that seven days was an inadequate amount of time to conduct discovery and file a responsive pleading.

{¶ 10} We review a court's order denying a motion for an extension of time for an abuse of discretion. *Hecht v. Equity Trust Co.*, 2022-Ohio-198, ¶ 11 (8th

Dist.). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. Under Civ.R. 6(B), "[w]hen by these rules or . . . by order of court an act is required . . . to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specific period[,] permit the act to be done where the failure to act was the result of excusable neglect."

{¶ 11} Here, Bey sought an extension of time to conduct discovery and for additional time to respond to Patituce's Civ.R. 12(B)(6) motion to dismiss. As Patituce correctly notes, discovery is not needed to respond to a Civ.R. 12(B)(6) motion to dismiss because the court's review is confined to the complaint itself. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9. The court awarded Bey an additional seven days to draft and submit a response to Patituce's Civ.R. 12(B)(6) motion. Other than the need to conduct discovery, Bey does not offer further arguments that could be construed as defending any "excusable neglect." We thus must find that seven days was a reasonable extension of time for Bey's response given the facts and circumstances of this matter, particularly the amount of time needed to review and respond to a motion that only requires examining one pleading. Bey's reasoning for requesting an extension, that he wanted to conduct discovery, was not applicable or necessary. Accordingly, we cannot find that the trial court abused its discretion in granting a seven-day extension for Bey to file his Civ.R. 12(B)(6) response.

{¶ 12} For these reasons, Bey's first assignment of error is overruled.

{¶ 13} Bey's second assignment of error argues that the trial court abused its discretion in granting Patituce's Civ.R. 12(B)(6) motion to dismiss "sua sponte" without affording him time to adequately respond to the motion.

{¶ 14} In his appellate brief, Bey supports this assignment of error with arguments that he allegedly would have made had he been afforded the opportunity to file his responsive brief. As Patituce correctly argues, these arguments are improper for this court to consider on appeal because they were not made to the trial court when that opportunity was available. *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2024-Ohio-3187, ¶ 24 (8th Dist.), quoting *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.) ("'[A] party cannot present new arguments for the first time on appeal that were not raised below.'"). Our appellate review is thus restricted to determining whether the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss before receiving a response from Bey.

{¶ 15} At the outset, we note that the trial court afforded Bey time to respond to the motion beyond the days dictated by rule, which was already within the court's discretion. Patituce contends that the facial validity of their motion to dismiss rendered any response from Bey irrelevant because the trial court properly granted the motion. We agree.

{¶ 16} A motion to dismiss under Civ.R. 12(B)(6) may be granted "only when the complaint, when construed in the light most favorable to the plaintiff and presuming all the factual allegations in the complaint are true, demonstrates that

the plaintiff can prove no set of facts entitling him [or her] to relief." *State ex rel. Belle Tire Distribs. v. Indus. Comm. of Ohio,* 2018-Ohio-2122, ¶ 17. "[A]n action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." *Muir v. Hadler Real Estate Mgt. Co.*, 4 Ohio App.3d 89, 90 (10th Dist. 1982). The statute of limitations for a legal malpractice claim is determined by considering "two factual inquiries: '(1) When should the client have known that he or she may have an injury caused by his or her attorney? and (2) When did the attorney-client relationship terminate?' The later of those dates 'is the date that starts the running of the statute of limitations.'" *Shaut v. Roberts*, 2022-Ohio-817, ¶ 8 (8th Dist.), quoting *Smith v. Conley,* 2006-Ohio-2035, ¶ 4; R.C. 2305.11(A).

{¶ 17} In his complaint, Bey specifically provided that in October 2021, he first learned during a phone conference that Corral was no longer affiliated with Patituce and that Thomas was not her assistant. The gravamen of Bey's complaint is that Patituce and Thomas misled him into believing that Corral still represented him, even after he had paid Patituce's bills and worked with Thomas under the impression that she was Corral's assistant. Bey claims that Patituce and Thomas committed fraud with their alleged misrepresentation to him that Corral was still associated with the firm and that Thomas was Corral's assistant. Based on these averments in Bey's own complaint, we find that Bey became aware that Corral was

no longer associated with Patituce in October 2021. This is the date when the client, Bey, knew or should have known that he may have an injury caused by his attorney and thus, claims arising from these alleged misrepresentations would have had to have been brought before October 2022 (one year). Both parties acknowledge that the attorney-client relationship ended when Thomas sent Bey a letter dated December 1, 2021. The date of the letter being the later of the two relevant dates, Bey should have brought any legal-malpractice claims, including claims against Patituce and Thomas, on or before December 1, 2022. Accordingly, every legal-malpractice claim alleged in Bey's complaint would be unequivocally and facially time-barred because Bey's complaint was not filed until 2025. We thus find, for the reasons and circumstances explained herein, that the trial court did not err in granting Patituce's motion to dismiss, thus rendering moot the necessity to determine whether the court erred in granting the motion to dismiss without receiving a response from Bey, even after the time for response had passed.

{¶ 18} We accordingly overrule Bey's second assignment of error.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, A.J., and
DEENA R. CALABRESE, J., CONCUR